AO 91 (Rev. 11/11) Criminal Complaint

| | | |
|---|---|---|
| AUSA: | Regina McCullough | Telephone: (313) 226-9618 |
| Special Agent: | Daniel Ziehmer | Telephone: (313) 654-1703 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.

PAWANJIT GILL

Case No.  
Case: 2:25-mj-30460  
Assigned To : Unassigned  
Assign. Date : 7/17/2025  
Description: CMP USA V. GILL (DJ)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 16, 2025__ in the county of __WAYNE__ in the __EASTERN__ District of __MICHIGAN__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21 USC §§ 841(a)(1) and 841(b)(1)(A)(ii) | Knowingly and Unlawfully possess with the intent to distribute more than 5 kilograms of a mixture or substance containing a detectable amount of Cocaine, a schedule II controlled substance. |

This criminal complaint is based on these facts:

**SEE ATTACHED AFFIDAVIT.**

☑ Continued on the attached sheet.

*Complainant's signature*

Special Agent Daniel Ziehmer, HSI- ICE
*Printed name and title*

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: July 17, 2025

*Judge's signature*

City and state: Detroit, Michigan

Hon. Kimberly G. Altman, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Daniel Ziehmer, Special Agent with Homeland Security Investigations, being first duly sworn, on oath, hereby depose and state as follows:

## *Introduction and Agent Background*

1.  I make this affidavit in support of a criminal complaint charging Pawanjit GILL with: knowingly and unlawfully possessing with the intent to distribute more than 5 kilograms of a mixture or substance containing a detectable amount of Cocaine, a schedule II controlled substance, all in violation of Title 21 USC §§ 841(a)(1) and 841(b)(1)(A)(ii).

2.  I am a Special Agent of the United States Department of Homeland Security, Homeland Security Investigations (HSI). I have served with HSI since November 2022. I am currently assigned to the Port Huron Border Enforcement Security Team, which conducts investigations of crimes involving narcotics, smuggling, firearms, and immigration enforcement. Prior to my employment with HSI, I worked as a United States Probation Officer for the United States Courts from 2014 to 2022.

3.  I am a graduate of the Criminal Investigator Training Program and the Homeland Security Investigations Special Agent Training Program at the Federal Law Enforcement Training Center. I received a Bachelor's Degree in Criminal Justice from Michigan State University, East Lansing, Michigan in 2004.

4.  I have also had the opportunity to work with several other HSI agents and other law enforcement agents and officers of varying experience levels, who have investigated narcotics smuggling networks. My investigative experience, my training, and the experience of other law enforcement agents in this investigation serve as the basis for the opinions and conclusions set forth herein.

5.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

## *Probable Cause*

6.     The government has developed probable cause to conclude that on July 16, 2025, GILL attempted to depart the United States while knowingly transporting 228.55 kilograms of cocaine bound for introduction into Canadian commerce.

7.     On July 16, 2025, at approximately 5:30 p.m., officers from Customs and Border Protection (CBP) were conducting outbound enforcement operations at Detroit Ambassador Bridge (AMB). Officers encountered a blue "Novel Transport" commercial vehicle (CV) bearing an Ontario tractor plate (PA66359) hauling an Ontario plated trailer (Z5955N), traveling outbound towards Canada. Officers targeted the CV for a random inspection and identified GILL as the operator and lone occupant.

8.     The investigating CBP officer received an oral declaration from GILL denying the transportation of narcotics. The CBP officer asked GILL if he physically looked inside the trailer prior to it being sealed, to which he stated "yes". The CBP officer cut the orange plastic bolt seal (Seal # 95637904) and noted that it did not match the manifested seal (Seal # 0461394). Upon opening the rear trailer doors, the CBP officer observed eight (8) Home Depot boxes and two (2) wrapped bundles on the floor of the trailer between the doors and the legitimate commerce. During further inspection, the boxes and bundles were found to contain bricks of a white powdery substance. Field testing of the white powdery substance was conducted with a positive result for cocaine. In total, 79 bricks of varying sizes (total weight of 228.55 kilograms) of a white powdery substance of suspected cocaine were found.

9.     While detained at the AMB, GILL was interviewed by your affiant. GILL acknowledged that he picked up his load in Gahanna, Ohio earlier in the day. GILL claimed that he visually inspected the trailer following it being loaded with his legitimate commerce. After verifying that the load was secure, GILL closed the doors and sealed the load with a yellow plastic seal. Prior to sealing the trailer, GILL denied observing any Home Depot boxes or Black bundles on the floor of the trailer between the doors and his legitimate commerce on the pallets.

10.    GILL admitted that after departing Gahanna, he made two stops prior to arriving at the AMB. GILL reported that he drove directly to the TA Travel Center

in Monroe, Michigan where he stopped for approximately 15 minutes to use the restroom. Gill then claimed that he drove another 3.6 miles to the Loves Travel Stop, Frenchtown, Michigan where he stayed for approximately 50 minutes while he fueled, used the restroom, and printed travel documents.

11. GILL was detained at the AMB by CBP officers until he was transported to the Warren Police Department where he was lodged.

12. In my training and experience, narcotics couriers will use semi-public locations such as truck stops or commercial areas to transfer narcotics. Additionally, couriers will utilize packing boxes and garbage bags to facilitate the quick transfer of large amounts of narcotics between vehicles. This allows couriers to avoid a lengthy process of concealing and comingling the narcotics into the legitimate merchandise. In your affiant's experience, the location in the trailer where the narcotics were located is suggestive of a transfer as described above.

## Conclusion

12. Based upon the aforementioned facts, I believe that there is probable cause to believe that Pawanjit GILL did: knowingly and unlawfully possess with the intent to distribute more than 5 kilograms of a mixture or substance containing a detectable amount of Cocaine, a schedule II controlled substance, all in violation of Title 21 USC §§ 841(a)(1) and 841(b)(1)(A)(ii).

_____
Daniel P. Ziebmer, Special Agent
Immigration & Customs Enforcement
Homeland Security Investigations

Sworn to before me and signed in my presence
and/or by reliable electronic means.

_____
HON. KIMBERLY G. ALTMAN
United States Magistrate Judge

July 17, 2025

3